# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIAM ONEAL WATTERS,

        Defendant-Appellant.

UNPUBLISHED
August 18, 2015

No. 319267
Wayne Circuit Court
LC No. 13-000735-FC

---

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and SHAPIRO, JJ.

SHAPIRO, J (*concurring*).

I write separately because the trial court erred by broadly limiting the testimony of defendant's expert in forensic interviewing protocol. However, because the court's error was harmless, reversal is not warranted. Accordingly, I concur with the majority's affirmance of defendant's convictions and sentences.

The trial court erred by not permitting the defense expert to opine as to specific failures of the interviewer to comply with state-mandated protocol. It is undisputed that the use of these protocols is mandated in the Child Protection Law, MCL 722.628(6), and that the purpose of the protocols "is to obtain a statement from a child, in a developmentally-sensitive, unbiased, and truth-seeking manner, that will support accurate and fair decision-making in the criminal justice and child welfare systems." *Forensic Interviewing Protocol* (3d ed), State of Michigan Governor's Task Force on Child Abuse and Neglect and Department of Human Services. A defendant may therefore present testimony by a trained forensic examiner describing the protocols, an interviewer's deviation from them, and the significance of the noted deviations. Such testimony goes to the reliability of the investigative process and not the credibility of the child complainant. For this reason, the trial court's limitation of the expert's testimony to the mere existence of the protocols was overly broad and an abuse of discretion.

Nevertheless, "[e]videntiary error will not merit reversal unless it involves a substantial right and, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative." *People v Coy*, 258 Mich App 1, 12; 669 NW2d 831 (2003); MCR 2.613(A). After reviewing the record, I cannot conclude that the significance of the error rose to this level. First, defendant's offer of proof suggested only a single deviation from the protocols. Moreover, as noted by the majority, the jury was not left to determine the truth of the allegations based on the taped interviews alone. Both the complainant

-1-

and her brother offered live testimony during which they were subject to cross-examination. In addition, defendant was able to present evidence in support of his assertion that the reason the children made the allegations was that his wife had coached them to do so.


/s/ Douglas B. Shapiro